UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

| | | |
|---|---|---|
| **KRISTI REINHOLD** | : | |
| 964 Lawn Avenue | | |
| Hamilton, OH  45013 | : | CASE NO. 1:17-cv-00717 |
| | | |
| Plaintiff | : | JUDGE: |
| | | |
| vs. | : | MAGISTRATE JUDGE: |
| | | |
| **HUMANA WELFARE BENEFIT PLANS** | | |
| Humana Inc. | | |
| 500 West Main St. | | |
| Louisville, KY  40202 | | |
| | : | **COMPLAINT** |
| | | |
| and | : | |
| | | |
| **UNUM LIFE INSURANCE COMPANY** | | |
| **OF AMERICA** | : | |
| 2211 Congress Street | | |
| Portland. ME 04122 | | |
| | | |
| Defendants | | |

Now comes the Plaintiff, Kristi Reinhold, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f).  These statutory provisions give district court's jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  This action is also brought pursuant to 28

1

U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

3. Venue is proper in the Southern District of Ohio because Plaintiff resides in Hamilton, Ohio. The contractual agreement was breached at that location. See 29 U.S.C. § 1132(e)(2).

## NATURE OF ACTION

4. Plaintiff, Kristi Reinhold, seeks an award of benefits including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Humana, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits.

## THE PARTIES

5. Plaintiff, Kristi Reinhold, is a 49 year old female who resides in Hamilton, Ohio, and was an active employee of Humana, Inc. and was covered under a Plan which provided long-term disability benefits. Plaintiff no longer works and is now disabled.

6. The Humana Welfare Benefit Plan is an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). The Plan Sponsor, Plan Administrator and Agent for legal process are all identified as "Humana, Inc." of Louisville, Kentucky. Upon information and belief, Humana, Inc. is a corporation engaged in the business of insurance benefits with work locations across the United States.

7. The Plan's "Claim Administration" for long-term disability is run by a Plan Fiduciary, which, upon information and belief, is Unum Life Insurance Company of America (hereinafter "Unum"). Upon information and belief, long-term disability benefits are paid through a contract of insurance issued by Unum.

## STATEMENT OF GENERAL FACTS

8. Plaintiff, Kristi Reinhold, a Registered Nurse, was hired by Humana, Inc. on August 5, 2013.

9. Plaintiff Reinhold worked as a "Personal Nurse Navigator" for Humana, Inc. which required Plaintiff to provide clinical guidance, building trust with customers regarding health conditions and medical problem solving. The job was skilled and her annual salary in excess of $68,000.00. The job of "Personal Nurse Navigator" required understanding and implementation of clinical data and research; nursing skills; introducing or developing new ideas and processes; and proactively identifying, evaluating and solving problems with rigorous logic and a systematic approach.

10.     Kristi Reinhold left work as a "Personal Nurse Navigator" at Humana, Inc. on January 6, 2016, due to severe medical symptoms including difficulties with balance, weakness, fatigue, neuropathy, and pain.  Ms. Reinhold has been evaluated for multiple medical problems including autoimmune diseases and neurological conditions.  Most recently, Ms. Reinhold has been referred for further testing to confirm a diagnosis of Lyme Disease.

11.     Ms. Reinhold filed for short-term disability (STD) benefits upon her departure from work.  These benefits were approved and paid for the period of February 10, 2016 through August 27, 2016.  All short-term disability benefits due were paid.

12.     On August 28, 2016, long-term disability benefits should have begun but were denied by Unum by letter dated December 14, 2016.  This denial of benefits was based upon medical file reviews done by frequently retained physician consultants, Tammy Lovette, M.D. (OSP - On Site Physician) and Linda Cowell, M.D. (DMO - Designated Medical Officer) completed in December 2016. Both physicians opined that Ms. Reinhold could complete her full-time sedentary occupation but gave her no credit for symptoms such as pain, fatigue, muscle weakness, muscle fatigue, etc., which eliminated her ability to perform skilled work.

13.     For the first 24 months of long-term disability benefits, Ms. Reinhold was required to prove that she is,

> "limited from performing the material and substantial duties of your Regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury."

4

14. Ms. Reinhold appealed the December 14, 2016, denial of benefits on June 9, 2017, by submitting a Functional Capacity Evaluation (FCE) as well as multiple sets of medical records that clinically described the symptoms that Ms. Reinhold is experiencing and are consistent with the results of the Functional Capacity Evaluation which showed a less than sedentary ability to perform work. Ms. Reinhold's treating neurologist provided agreement with the results of the FCE and a vocational opinion report completed by a vocational expert opined that Ms. Reinhold was not able to perform her occupation or any occupation.

15. During its appeal review, Unum "trolled" Ms. Reinhold's social media accounts, but developed no evidence that would support a conclusion that she was not disabled. After reviewing Ms. Reinhold's appeal, Unum employee, Christine Galloway, RN, prepared a medical summary which concluded that Plaintiff's functionality was "not clear" and that, "Further opinion will be deferred to the OSP (On-Site Physician)."

16. Ms. Reinhold's claim was referred to Unum's frequently hired medical consultant, Jacqueline Crawford, M.D., a neurologist, on July 20, 2017. Dr. Crawford was provided with the past opinions of Unum's physicians, Nurse Galloway's medical summary, the Functional Capacity Evaluation and some of Plaintiff's appeal. Plaintiff's job duties were described to Dr. Crawford as follows: 1) exerting up to 10 pounds of force occasionally; 2) mostly sitting; 3) standing/walking for brief periods; and 4) handling/fingering/keyboarding occasionally. Dr. Crawford concluded that restrictions and limitations were not supported from a physical standpoint. Dr. Crawford opined, **without examination**, "*The file overall demonstrates a pattern of insured adopting a lifestyle of impairment, with frequent medical contacts, repeated*

5

*painful tests, unexplained disorders, and setting up a Go Fund Me Page to obtain an electric wheelchair, which did not appear to be prescribed by her providers. The overall pattern of data can be seen with psychogenic or somatoform spectrum disorders.*"

17. Based on Dr. Crawford's credibility judgment that there was an underlying psychiatric component to Ms. Reinhold's symptoms, the file was given to Unum's "Senior Medical Consultant", Peter Brown, M.D., a psychiatrist. Dr. Brown spoke to Plaintiff's treating neurologist, Dr. Mulla-Ossmann, regarding Ms. Reinhold's memory and cognitive difficulties. Dr. Mulla-Ossmann could not comment on those symptoms but advised that he believed that any mental difficulties Ms. Reinhold was having was secondary to her disabling physical symptoms which he classified as, "inclusion body myositis." Dr. Brown concluded that restrictions and limitations from a psychiatric standpoint were not supported.

18. Unum issued its final denial letter on August 18, 2017, which relied on the opinions of Dr. Crawford and Dr. Brown and provided no reasoned explanation as to why Ms. Reinhold's evidence was not satisfactory to prove her claim. The adverse decision letter advised Plaintiff that her administrative remedies were exhausted.

## CAUSE OF ACTION I

### CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

19. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 18 of the Complaint.

6

20. Defendant Plan and Unum failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Unum and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

21. Defendant Unum has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Unum to use its own frequently retained consultants and nurse reviewers and created an overreliance on non-examining physicians' opinions. Unum disregarded relevant evidence with no explanation and denied benefits without using a reasoned process. Unum physician Dr. Crawford also engaged in character and credibility assassination of Mrs. Reinhold.

22. While Defendant Unum may have the authority to make claims determinations under applicable law and the language of the Policy, Unum's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

23. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

24. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Unum's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Unum in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Unum and an examination of the record reveals that Unum's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

25. Unum and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored overwhelming objective and clinical evidence supplied by Plaintiff which supports her disability; 2) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, fatigue and an inability to persist; 3) Defendants have engaged in a selective review of evidence presented by the claimant by ignoring the conclusions of her treating physicians; 4) Defendants failed to provide complete and accurate information to its medical consultants regarding the Plaintiff's actual job requirements; and 5) Defendants retained the ability to complete a physical exam of Plaintiff, but rather chose to rely on file review reports.

26. Plaintiff has exhausted her administrative remedies and the Plans still wrongfully deny benefits to which she is entitled.

27. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

28. The disability Plans under which the Plaintiff Kristi Reinhold was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

29. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

30. The Plan Administrator, the Plan and Unum failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B) and 29 U.S.C. §1132(a). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Unum offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

31. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Kristi Reinhold, prays for the following relief:

A. That the Court enter judgment in Plaintiff Reinhold's favor and against Defendants Unum and the Plan and that the Court order both Defendants to account and pay disability income benefits to Plaintiff Reinhold in an amount equal to the contractual amount of benefits to which Reinhold is entitled;

B. That the Court order Defendants Unum and the Plan to pay Reinhold's pre- and post judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 26th day of October, 2017

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-428-9811
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Kristi Reinhold